1   Mark A. Schadrack (CA SBN 120171)
    mark@schadrackandchapman.com
2   SCHADRACK & CHAPMAN, LLP
    28202 Cabot Road, Suite 300
3   Laguna Niguel, CA 92677
    Phone (949) 498-3203
4   Fax (949) 365-7098

5   Chris Papageorge (SBN 86596)
    patentpro@sbcglobal.net
6   14625 S. Vermont Ave., No. 5
    Gardena, CA 90247
7   (310) 324-9890
    **Attorney for Plaintiff/Counter-Defendant**
8   **REYNALDO HERNANDEZ**

9   Daniel C. Cotman (SBN 218315)
    dan@cotmanip.com
10  Nelson E. Brestoff, *of counsel* (SBN 065291)
    nick@cotmanip.com
11  COTMAN IP LAW GROUP, PLC
    117 East Colorado Blvd, Suite 460
12  Pasadena, California 91105
    (626) 405-1413/FAX: (626) 628-0404
13  **Attorneys for Defendants/Counterclaimants**
    **LOS ALTOS BOOTS, INC. and RODOLFO**
14  **AVILA SANDOVAL**

15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

19  REYNALDO HERNANDEZ,          )   Case No.: 2:12-cv-04560-CAS-JC
                                 )
20            Plaintiff,         )   **PROTECTIVE ORDER**
                                 )
21                               )
                                 )
22       v.                      )
                                 )
23  RODOLFO AVILA SANDOVAL, LOS  )
    ALTOS BOOTS, INC., DOES 1-10,)
24                               )
                                 )
25            Defendants.        )
                                 )
26  ─────────────────────────────)

27

28

                                 1

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information, the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to F.R.Civ.P. 26(c), the parties hereby stipulate to and request the Court to enter the following Stipulated Protective Order:

A.    **INFORMATION SUBJECT TO THIS ORDER**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information, items or material produced for or disclosed to a Receiving Party that a Producing Party, including any party to this action and any non-party producing information, items or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets and/or other confidential technical, product, design, sales, marketing, customer, financial, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been designated by the Producing Party. Any CONFIDENTIAL INFORMATION obtained by any Receiving Party from any Producing Party pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, i.e. for prosecuting, defending or attempting to settle this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking copies of such material "Confidential" prior to or at the time such copies are furnished to the Receiving Party.  The marking shall be accomplished by affixing the legend "Confidential" to each page of the material being designated. If

1   only a portion of the material on a page qualifies for protection, the Producing Party
2   also must clearly identify the protected portion(s).

3       3. At the request of any party, the original and all copies of any deposition
4   transcript, in whole or in part, shall be marked "Confidential" by the reporter. Any
5   portions so designated shall thereafter be treated in accordance with the terms of this
6   Order.

7       4. All CONFIDENTIAL INFORMATION not reduced to documentary,
8   tangible or physical form or which cannot be conveniently designated, as set forth in
9   Section A. 2, shall be designated by the Producing Party by informing the Receiving
10   Party of the designation in writing (such as in the form of electronic mail). Any
11   documents and/or physical objects made available for inspection by counsel for the
12   Receiving Party prior to producing copies of selected items shall initially be
13   considered, as a whole, to constitute "HIGHLY CONFIDENTIAL-ATTORNEYS'
14   EYES ONLY" (as defined in Section D below) and shall be subject to this Order.
15   After the Receiving Party has identified the documents that it wants copied and
16   produced, the Producing Party shall have a reasonable time to review and designate
17   the appropriate documents as CONFIDENTIAL INFORMATION or HIGHLY
18   CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY prior to
19   furnishing copies to the Receiving Party.

20       5. The following information is not CONFIDENTIAL INFORMATION:

21          a. Any information which at the time of disclosure to a Receiving Party
22   is in the public domain;

23          b. Any information which subsequent to its disclosure to a Receiving
24   Party, becomes part of the public domain as a result the publication not involving a
25   violation of this Order;

26          c. Any information that the Receiving Party can show was directly
27   known to it prior to the disclosure; and

28

1        d. Any information that the Receiving Party can show, by written

2 records, was received by it after the disclosure from a source who obtained the

3 information lawfully and under no obligation of confidentiality to the Producing

4 Party.

5 **B. <u>NO WAIVER OF PRIVILEGE</u>**

6        Inspection or production of documents and/or physical objects shall not

7 constitute a waiver of the attorney-client privilege or work product immunity or any

8 other applicable privilege, trade secret protection and/or protection under this Order

9 as CONFIDENTIAL INFORMATION, or as HIGHLY CONFIDENTIAL

10 INFORMATION-ATTORNEYS' EYES ONLY if, as soon as reasonably practicable

11 after the Producing Party becomes aware of any inadvertent or unintentional

12 disclosure, the Producing Party designates any such documents and/or physical

13 objects as within the attorney-client privilege, work product immunity, or any other

14 applicable privilege or protection under this Order and request return of such

15 documents and/or physical objects to the Producing Party. Upon request by the

16 Producing Party, the Receiving Party immediately shall return or destroy all copies

17 of such inadvertently produced document(s) and/or physical objects.

18 Notwithstanding this provision, outside litigation counsel of record are not required

19 to delete information that may reside on their respective electronic back-up systems

20 that are over-written in the normal course of business. Nothing herein shall prevent

21 the Receiving Party from challenging the propriety of the attorney-client privilege,

22 work product immunity or other applicable privilege or trade secret or other

23 protection designation by submitting a written challenge to the Court.

24 **C. <u>DISCOVERY RULES REMAIN UNCHANGED</u>**

25        Nothing herein shall alter or change in any way that the discovery provisions

26 of the Federal Rules of Civil Procedure, the Local Rules for the United States

27

28

1  District Court for the Central District of California, or the Court's Docket Control

2  Orders and Discovery Orders.

3  **D.  INFORMATION DESIGNATED HIGHLY CONFIDENTIAL**

4  **ATTORNEY'S EYES ONLY**

5      1. CONFIDENTIAL INFORMATION may be additionally designated

6  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  HIGHLY

7  CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall mean all CONFIDENTIAL

8  INFORMATION that constitutes proprietary, financial, product, design or technical

9  data or commercially sensitive competitive information including, without limitation

10  CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current

11  Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to

12  future products not yet commercially released, customer information, sales plans,

13  marketing plans, and strategic plans, , the disclosure of which is likely to cause harm

14  to the competitive position of the Producing Party. Any document or tangible thing

15  containing or including any CONFIDENTIAL INFORMATION may be designated

16  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Producing Party

17  by marking copies of such material "Highly Confidential-Attorneys' Eyes Only"

18  prior to or at the time such copies are furnished to the Receiving Party.  The marking

19  shall be accomplished by affixing the legend "Highly Confidential-Attorneys' Eyes

20  Only" to each page of the material being designated. If only a portion of the material

21  on a page qualifies for protection, the Producing Party also must clearly identify the

22  protected portion(s).

23      2. Documents and/or physical objects designated HIGHLY

24  CONFIDENTIAL-ATTORNEYS' EYES ONLY and information contained therein

25  shall be available only to:

26

27

28

1      (a)  outside litigation counsel of record and supporting personnel

2  employed by those attorneys as described in Section E.1 and 2 Below (not including

3  in-house counsel),

4      (b) technical advisors as described in Section E. 3 below and to have

5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6      (c) the Court and its personnel;

7      (d) court reporters and their staff, professional jury or trial consultants,

8  and Professional Vendors to whom disclosure is reasonably necessary for this

9  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

10  (Exhibit A); and

11      (e) the author or authorized recipient of a document containing the

12  information or a custodian or other authorized person who otherwise pose asked for

13  new the information.

14  **E.  PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL**

15  **INFORMATION**

16      Subject to the limitations for HIGHLY CONFIDENTIAL- ATTORNEYS'

17  EYES ONLY designations as described in the previous sections, the following

18  categories of persons shall have access to documents and/or physical objects

19  designated as Confidential:

20      1.      Counsel. Counsel for a Receiving Party shall have access to the

21  Producing Party's information designated CONFIDENTIAL. The term "counsel"

22  shall mean attorneys for the Plaintiff, and the Defendant, working on this litigation,

23  including both outside and in-house counsel, including supporting personnel

24  employed by the attorneys, such as paralegals, legal translators, legal secretaries, law

25  clerks and shorthand reporters, independent legal translators retained to translate in

26  connection with this action, independent court reporters pertain to record and

27  transcribe testimony in connection with this action, graphics or design services

28

retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non-technical jury or trial consulting services, including mock jurors, retained by counsel. Before any person other than counsel or counsel's employees and in-office independent contractors providing litigation support, may have access to the CONFIDENTIAL INFORMATION, such person shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2.    <u>Outside Counsel</u>. The term "outside counsel" shall mean attorneys for the Plaintiff, and the Defendant, working on this litigation, excluding any in-house counsel, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, law clerks and shorthand reporters, independent legal translators retained to translate in connection with this action, independent court reporters pertain to record and transcribe testimony in connection with this action, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, and non-technical jury or trial consulting services, including mock jurors, retained by counsel.  Chris Papageorge, attorney for Plaintiff, shall be included in the designation of Outside Counsel and not in-house counsel.  In this regard it is understood and acknowledged that Chris Papageorge has performed intellectual property legal work as well as legal work in other areas of the law for Plaintiff and/or associated persons for years and will likely continue to do such work for Plaintiff and associated persons after termination of this litigation and his business relationship with Registrant has certain characteristics of in-house counsel in that he may provide legal counsel to Plaintiff in areas of the law outside the intellectual property law area.

3.    <u>Technical Advisors</u>. Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY of a Producing Party,

1 | and such copies, as are reasonably necessary for maintaining, defending or
2 | evaluating this litigation, may be furnished and disclose to technical advisors. The
3 | term "technical advisor" shall mean an outside consultant or consulting or testifying
4 | expert witness with whom counsel may deem it necessary to consult concerning
5 | technical, financial, or other aspects of this case for the preparation or trial thereof.
6 | Should a Receiving Party find it necessary for maintaining, defending or even
7 | evaluating this litigation to disclose a Producing Party's CONFIDENTIAL or
8 | HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY Information to a
9 | technical advisor, no prior notice to the Producing Party shall be required if (a) the
10 | technical advisor is not a current owner, shareholder, member, manager, director,
11 | officer, employee or consultant (other than as a technical advisor in this litigation) of
12 | an entity engaged in the business of manufacturing, distributing or selling cellular
13 | phones and/or cellular accessories, or anticipated to become one, and (b) the
14 | technical advisor shall have signed the "Acknowledgment and Agreement to Be
15 | Bound" (Exhibit A). If a person not meeting the criteria in (a) above is sought by the
16 | Receiving Party to be a technical advisor, then the Receiving Party shall first give
17 | written or e-mail notice to the Producing Party. Such written notice shall include the
18 | technical advisor's resume, curriculum vitae or other information adequate to
19 | identify the individual's current employer and employment history for the past five
20 | (5) years, including consulting relationships. The Producing Party may object to the
21 | disclosure of the information to such technical advisor by notifying the Receiving
22 | Party in writing or by e-mail of any objection within ten (10) days of receiving
23 | notice of the Receiving Party's request to disclose the CONFIDENTIAL or
24 | HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information to such
25 | technical advisor.  Thereafter, the Producing and Receiving Parties shall engage in a
26 | meet-and-confer process to address the issue.  If the Receiving Party does not
27 | withdraw the name of the technical advisor, then the Producing Party may proceed
28 |

1   by filing a motion showing good cause why the information or portions thereof shall

2   not be disclosed to such persons.  Any such motion shall be filed within 15 days

3   after the Producing Party refuses to withdraw the name of the technical advisor.

4   Except by further order of this Court, no CONFIDENTIAL or HIGHLY

5   CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be disclosed to

6   such technical advisor until the matter has been ruled upon by this Court or

7   otherwise resolved. No disclosure of CONFIDENTIAL or HIGHLY

8   CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be made to any

9   technical advisor unless the person to whom the disclosure is to be made shall first

10  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) stating

11  that he or she has read and understands this Order and agrees to be bound by its

12  terms. Identification of a technical advisor under this Protective Order is not a

13  waiver of any applicable consultant or work product privilege, and does not by itself

14  subject the technical advisor to any discovery.

15  **F.  MANAGEMENT OF A PARTY**

16          Subject to the provisions below, CONFIDENTIAL INFORMATION of a

17  Producing Party, and such copies as are reasonably necessary for maintaining,

18  defending or evaluating this litigation, may be furnished and disclosed by counsel

19  for a Receiving Party to a control group of no more than four (4) individuals who are

20  employees, managers, and/or supporting personnel of such Receiving Party with

21  responsibility for maintaining, defending or evaluating this litigation. Should

22  counsel for a Receiving Party find it necessary for maintaining, defending or

23  evaluating this litigation to disclose a Producing Party's CONFIDENTIAL

24  INFORMATION to a control group, counsel for the Receiving Party shall first

25  obtain from such individual a signed "Acknowledgment and Agreement to The

26  Bound" (Exhibit A) stating that he or she has read and understands this Order and

27

28

1   agrees to be bound by its terms. Such written agreement shall be retained by counsel

2   for the Receiving Party, but need not be disclosed to the Producing Party.

3   **G.  CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

4         In the event that the Receiving Party contends that produced information has

5   been improperly designated under this Order, the Receiving Party shall first request

6   that the Producing Party modify its confidentiality designation.  If the Producing

7   Party declines to change its designation or fails to respond to the Receiving Party's

8   written request within ten (10) days, the Receiving Party may file a motion in

9   accordance with the requirements of L.R. 37 to have the Court modify the

10  designation.

11  **H.  USE OF MATERIALS DESIGNATED UNDER THIS ORDER**

12        1.  CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

13  ONLY information shall be held in confidence by each person to whom it is

14  disclosed, shall be used only for purposes of this litigation, should not be used for

15  any business purpose, and shall not be disclosed to any person who is not entitled to

16  receive such information as provided herein. All produced CONFIDENTIAL and

17  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information shall be

18  carefully maintained so as to preclude access by persons who are not entitled to

19  receive such information.

20        2. Except as may be otherwise ordered by the Court, any person may be

21  examined as a witness at deposition and trial and may testify concerning all

22  CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

23  information of which such person had knowledge prior to any such designations.

24  Without in any way limiting the generality of the foregoing:

25        a. A present director, officer, and/or employee of a Producing Party

26  (who is designated to testify by the Producing Party and who is permitted to have

27  access to such information) may be examined and may testify concerning all

28

1  CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

2  information which has been produced by that party;

3          b. A former director, officer, agent and/or employee of a Producing

4  Party may be examined and may testify concerning all CONFIDENTIAL and

5  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information of which he

6  or she has authorized prior knowledge, including any CONFIDENTIAL and

7  HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information that refers

8  to matters of which the witness has authorized personal knowledge, which has been

9  produced by that party and which pertains to the period or periods of his or her

10  employment; and

11          c. Non-party witnesses may be examined or testify concerning any

12  document containing CONFIDENTIAL and HIGHLY CONFIDENTIAL-

13  ATTORNEYS' EYES ONLY information of a Producing Party which appears on its

14  face or from other documents or testimony to have been received from or

15  communicated to the non-party witness as a result of any contact or relationship with

16  the Producing Party or a representative of a Producing Party.  Any person other than

17  the witness, his or her attorney(s), or any other person qualified to receive

18  CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

19  information under this Order shall be excluded from the portion of a deposition

20  examination concerning such information, unless the Producing Party consents to

21  persons other than qualified recipients being present at the deposition examination.

22  If the witness is represented by an attorney who is not qualified under this Order to

23  receive such information, and prior to or at the deposition examination, the

24  Producing Party shall request that the attorney provide a signed statement, in the

25  form of Exhibit A hereto, that he or she will comply with the terms of this Order to

26  maintain the confidentiality of CONFIDENTIAL and HIGHLY CONFIDENTIAL-

27  ATTORNEYS' EYES ONLY information disclosed during the course of the

28

1   deposition examination. In the event that such attorney declines to sign such a signed

2   statement prior to the deposition examination, the parties, by their attorneys, shall

3   jointly seek a protective order from the Court prohibiting the attorney from

4   disclosing CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS'

5   EYES ONLY information.

6        3. All transcripts of depositions, exhibits, answers to interrogatories,

7   pleadings, briefs, and other documents submitted to the Court which have been

8   designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS'

9   EYES ONLY information, or which contain information so designated, shall be filed

10   in sealed envelopes or other appropriate sealed containers on which shall be

11   endorsed the title of this matter, the words "CONFIDENTIAL INFORMATION-

12   Under Protective Order," and  a statement substantially in the following form:

13        "This envelope contains CONFIDENTIAL INFORMATION filed in

14        the above-entitled case by (name of party). This envelope is not to be

15        opened, and its  contents are not to be displayed or revealed, except by

16        direction  of the Court presiding over this matter."

17        Notwithstanding anything in this Section to the contrary, the parties shall

18   comply with the Local Rules, e.g., L.R. 79-5, and all Orders of this Court regarding

19   the filing of sealed information.

20        4. Nothing in this Order shall prohibit the transmission or communication of

21   CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY

22   information between and among qualified recipients:

23        a. By hand delivery;

24        b. In sealed envelopes; or

25        c. By telephone, facsimile, e-mail or other electronic transmission

26   system; or where, under the circumstances, there is no reasonable likelihood that the

27

28

1  transmission will be intercepted or misused by any person who is not a qualified
2  recipient.

3      5. CONFIDENTIAL and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
4  ONLY information shall not be copied or otherwise produced by a Receiving Party,
5  except for transmission to qualified recipients, without the written permission of the
6  Producing Party, or, in the alternative, by further Order of the Court. Nothing herein
7  shall, however, restrict a qualified recipient from making working copies, abstracts,
8  digests and analyses of CONFIDENTIAL or HIGHLY CONFIDENTIAL-
9  ATTORNEYS' EYES ONLY information for use in connection with this litigation.
10 Such working copies, abstracts, digests and analyses shall be deemed
11 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
12 information under the terms of this Order.

13 **I. NONPARTY USE OF THIS PROTECTIVE ORDER**

14      1. A nonparty producing information or material voluntarily or pursuant to a
15 subpoena or a court order may designate such material or information as
16 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
17 information pursuant to the terms of this Stipulated Protective Order.

18      2. A nonparty's use of this Stipulated Protective Order to protect its
19 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
20 information does not by itself entitle the nonparty to access to CONFIDENTIAL or
21 HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information produced
22 by any party in this case.

23 **J. MISCELLANEOUS PROVISIONS**

24      1. Any of the notice requirements herein may be waived, in whole or in part,
25 but only in writing signed by the attorney-in-charge for the party against whom such
26 waiver will be effective.

27
28

2. The inadvertent or unintentional production of documents or information containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information which are not so designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

3. Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in the action, each party shall, at its option, either return to the Producing Party or destroy all physical objects, and all documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY which were received from the Producing Party, and shall destroy in whatever form stored or reproduced, all physical objects, and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information. Notwithstanding this provision, outside litigation counsel of record is not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence in any hearing or trial.

4. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions

///
///
///
///

1  of this Order, when convenience or necessity requires it.  No modification by the

2  parties shall have the force or effect of the Court order unless the Court approves the

3  modification.

4  / / /

5                                          Respectfully submitted,

6  DATED:  July 1, 2013              SCHADRACK & CHAPMAN, LLP

7                                          LAW OFFICES OF CHRIS PAPGEORGE

8

9                                          s/Chris Papageorge

10                                    By:  _____

11                                          Mark A. Shadrack
                                           Chris Papageorge
12                                          Attorney for Plaintiff/Counter-
                                           Defendant REYNALDO
13                                          HERNANDEZ

14

15  DATED:  July 1, 2013              COTMAN IP LAW GROUP, PLC

16

17                                          s/Daniel C. Cotman

18                                    By:  _____

19                                          Daniel C. Cotman
                                           Nelson E. Brestoff (*of counsel*)
20                                          Attorney for Defendants/Counter-
                                           claimants LOS ALTOS, INC. and
21                                          RODOLFO AVILA SANDOVAL

22                                    ORDER

23     The foregoing Stipulated Protective Order is hereby APPROVED.

24

25  Dated:  July 1, 2013                         /s/
                                      _____
26                                    Hon. Jacqueline Chooljian
                                      United States Magistrate Judge

27

28

                                          15

1   Mark A. Schadrack (CA SBN 120171)
2   mark@schadrackandchapman.com
    SCHADRACK & CHAPMAN, LLP
3   28202 Cabot Road, Suite 300
    Laguna Niguel, CA 92677
4   Phone (949) 498-3203
    Fax (949) 365-7098
5
    Chris Papageorge (SBN 86596)
6   patentpro@sbcglobal.net
    14625 S. Vermont Ave., No. 5
7   Gardena, CA  90247
    (310) 324-9890
8   **Attorney for Plaintiff/Counter-Defendant**
    **REYNALDO HERNANDEZ**
9
    Daniel C. Cotman (SBN 218315)
10  dan@cotmanip.com
    Nelson E. Brestoff, *of counsel* (SBN 065291)
11  nick@cotmanip.com
    COTMAN IP LAW GROUP, PLC
12  117 East Colorado Blvd, Suite 460
    Pasadena, California 91105
13  (626) 405-1413/FAX: (626) 628-0404
    **Attorneys for Defendants/Counterclaimants**
14  **LOS ALTOS BOOTS, INC. and RODOLFO**
    **AVILA SANDOVAL**
15
16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**
18
    REYNALDO HERNANDEZ,          )  Case No.:  2:12-cv-06736-DDP-SH
19                               )
              Plaintiff,         )
20                               )  EXHIBIT A TO STIPULATED
                                 )  PROTECTIVE ORDER
21              v.               )
                                 )
22                               )
    RODOLFO AVILA SANDOVAL,      )
23  LOS ALTOS BOOTS, INC., DOES 1- )
    10,                          )
24                               )
                                 )
25  Defendants.                  )
                                 )
26                               )
                                 )
27  _____)
28

————————————————————
                        16

## **AGREEMENT TO BE BOUND BY**
## **STIPULATED PROTECTIVE ORDER**

I, _____, state:

1.   I reside at _____.

2.   My present employer is _____.

3.   My present occupation or job description is _____.

4.   I have read the Stipulated Protective Order dated _____2013, and have been engaged as _____ on behalf of _____ _____ in the preparation and conduct of the subject litigation.

5.   I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents and/or physical objects designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information in a secure manner, and that where upon the copies in any writings prepared by me containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material.

6.   I will not disclose confidentiality designated information to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any assistants, who are required to assist me, of the terms of said Order and I will direct these assistants to comply with the terms of said Order.

7.   In accordance with Section E. 2 of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed

Confidentiality Agreement sufficient to identify my current employer and employment history for the past five (5) years, including all consulting relationships.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this___day of_____ 2013.

_____